1

**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| TERRY MCCULLY, an individual, | Case No. 3:18-CV-03426-JD |
| Plaintiff, | **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR** |
| vs. | 1. **Disparate Treatment In Violation of Fair Employment and Housing Act** |
| OAKLAND HOUSING AUTHORITY, a municipal entity, TRACY STABLER, in her official and individual capacity, ERIC JOHNSON, in his official and individual capacity, DREW FELDER, in his official and individual capacity, and DOES ONE through TEN, inclusive, | 2. **Violation of Federal Civil Rights (42 U.S.C. § 1983) – Due Process** |
| Defendants. | **AND DEMAND FOR JURY TRIAL** |

    Plaintiff Terry McCully ("Plaintiff" or "Mr. McCully"), for causes of action against

defendants Oakland Housing Authority, Tracy Stabler, Eric Johnson, Drew Felder, and Does

One through Ten, inclusive, alleges in this Complaint for Damages ("Complaint") as follows:

**THE PARTIES**

    1.    Terry McCully is and at all relevant times to this litigation has been a resident of

the County of Alameda.

    2.    Defendant Oakland Housing Authority ("OHA") is a public entity and municipal

corporation organized and existing pursuant to the laws of the State of California.

CASE NO. 3:18-CV-03426-JD                    1       SECOND AMENDED COMPLAINT FOR
                                                     DAMAGES

Case 3:18-cv-03426-JD   Document 13   Filed 07/12/18   Page 2 of 10

3.      Defendant Tracy Stabler ("Stabler"), sued both in her individual and official capacities, is and at all times relevant to this litigation has been an individual employed by the OHA.  At all times mentioned in this complaint, Ms. Stabler was Chief Financial Officer of the Oakland Housing Authority, established policy within her department, in which Plaintiff worked, possessed final policy-making authority for employment and administrative decisions within her department, including those decisions referenced below, and possessed authority to ratify decisions, including those referenced below, made by other Oakland Housing Authority directors and employees within her department.

4.      Defendant Eric Johnson ("Johnson"), sued both in his individual and official capacities, is and at all times relevant to this litigation has been an individual employed by the OHA.  At all times mentioned in this complaint, Mr. Johnson was Executive Director of the Oakland Housing Authority, established policy within the Oakland Housing Authority, possessed final policy-making authority for employment and administrative decisions, including those referenced below, and possessed authority to ratify decisions, including those referenced below, made by other Oakland Housing Authority employees and directors.

5.      Defendant Drew Felder ("Felder"), sued both in his individual and official capacities, is and at all times relevant to this litigation has been an individual employed by the OHA. At all times mentioned in this complaint, Mr. Felder was Director of Human Resources, established employment policy within the Oakland Housing Authority,  possessed final policy-making authority for employment and administrative decisions regarding employment, including those referenced below, and possessed authority to ratify decisions regarding employment, including those referenced below, made by other Oakland Housing Authority employees and directors.

6.      Plaintiff is ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained.  Plaintiff is informed and believes and

CASE NO. 3:18-CV-03426-JD                    2        SECOND AMENDED COMPLAINT FOR
                                                       DAMAGES

1  thereupon alleges that each of the fictitiously named defendants is in some manner responsible

2  for the injuries and damages to Plaintiff alleged in this litigation.

3      7.      Plaintiff is informed and believes and thereupon alleges that at all times relevant

4  to this litigation, defendants, and each of them, were the agents, servants, and employees of their

5  codefendants, and that these defendants, in doing the things mentioned in this Complaint, were

6  acting within the course and scope of their authority as such agents, servants, and employees, and

7  were acting with the permission and consent of their codefendants.

8                          **JURISDICTION AND VENUE**

9      8.      Plaintiff incorporates by reference each of the allegations contained in

10  paragraphs 1 through 7 above, as well as facts currently unknown.

11      9.   This Court has original jurisdiction of this matter under 28 U.S.C. § 1331 on the basis

12  that the amount in controversy exceeds $75,000, and the case includes a Federal question.  This

13  Court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367(a) because

14  all claims derive from the same common nucleus of operative facts.  Jurisdiction over the

15  defendants, and each of them, exists because each of the defendant entities named in this

16  litigation are present and operating within the jurisdictional limits of the Northern District of

17  California, and each of the individual defendants named in this litigation are employed within the

18  jurisdictional limits of the Northern District of California.

19      10.     Venue is proper because the employment relationship between Plaintiff and

20  defendants, and each of them, that gave rise to some of the claims in this litigation existed within

21  this judicial district and most or all of the acts and omissions complained of in this litigation took

22  place here.  Venue is also proper because most or all of the acts and omissions that occurred

23  outside of the above employment relationship and are complained of in this litigation took place

24  within this judicial district.

25                          **FACTUAL ALLEGATIONS**

26      11.     Terry McCully became interim Information Technology ("IT") director at OHA

27  on December 11, 2015.

28  CASE NO. 3:18-CV-03426-JD                    3        SECOND AMENDED COMPLAINT FOR
                                                        DAMAGES

1    12.    Mr. McCully was then hired as IT Director on May 2, 2016 with a six month

2  probation period.

3    13.    On October 28, 2016, Mr. McCully had his sole meeting with Mr. Johnson and

4  Ms. Stabler regarding IT issues.

5    14.    On November 2, 2016, Mr. McCully's probation ended pursuant to OHA policy.

6    15.    On November 29, 2016, Mr. McCully was called into Mr. Johnson's office for a

7  meeting with Mr. Johnson and Ms. Stabler and was told that his probation was being extended to

8  a full year.

9    16.    On December 2, 2016, Mr. McCully was given a letter reiterating the extension of

10  his probation which had already ended on November 2, 2016 pursuant to OHA policy.

11    17.    On April 25, 2017, Mr. McCully was called into Mr. Johnson's office told by Mr.

12  Johnson, Ms. Stabler and Mr. Felder that he did not pass probation. Mr. McCully responded that

13  he had already passed probation on November 2, 2016 and had not been told probation was

14  being extended until three weeks later.

15    18.    The meeting adjourned to investigate the facts.

16    19.    On April 26, 2017, Mr. McCully was called back into Mr. Johnson's office, told

17  the date he had was wrong, that he had been told on October 28, 2016 that his probation was

18  being extended and that he had less than two days (by 3:00 p.m. on May 1, 2017)  to accept a

19  demotion to IT Manager.

20    20.    Mr. McCully accepted the demotion in lieu of being terminated.

21    21.    Mr. McCully was never given any written or verbal information as to his progress

22  as IT Director towards successfully ending his probation after December 2, 2016.

23    22.    Upon information and belief, Defendants Stabler, Johnson, and Felder met,

24  discussed and agreed, or communicated agreement by other means, to place Plaintiff in the role

25  of IT Director to fill a short term need for an IT Director.

26    23.    Upon information and belief, Defendants Stabler, Johnson, and Felder met,

27  discussed and agreed, or communicated agreement by other means, to falsely claim that they had

28  CASE NO. 3:18-CV-03426-JD                4      SECOND AMENDED COMPLAINT FOR
                                                            DAMAGES

1  extended Plaintiff's probation, after such probation had ended, in order to keep Plaintiff in the

2  role of IT Director to fill a short term need for an IT Director.

3        24.    Upon information and belief, Defendants Stabler, Johnson, and Felder met,

4  discussed and agreed, or communicated agreement by other means, to illegally remove Plaintiff

5  from his role of IT Director, despite his having passed his true probationary period, after the need

6  to fill a short term need for an IT Director was concluded.

7        25.    Upon information and belief, Defendants Stabler, Johnson, and Felder met,

8  discussed and agreed, or communicated agreement by other means, to knowingly place Plaintiff

9  in the role of IT Director to fill a short term need for an IT Director, falsely claim that they had

10  extended Plaintiff's probation, after such probation had ended, and illegally remove Plaintiff

11  from his role of IT Director, despite his having passed his true probationary period, to deny

12  Plaintiff his constitutional right to his property interests and to further their own goals at

13  Plaintiff's expense.

14        26.    Upon information and belief, Defendant Stabler, as Chief Financial Officer,

15  ratified decisions made by Felder with respect to employment of Plaintiff in her department.

16        27.    Upon information and belief, Defendant Felder, as Director of Human Resources,

17  ratified decisions made by Stabler with respect to employment of Plaintiff in Stabler's

18  department.

19        28.    Upon information and belief, Defendant Johnson, as Executive Director, ratified

20  decisions made by Stabler and Felder with respect to employment of Plaintiff in Stabler's

21  department.

22        29.    In taking the actions above, to deprive Plaintiff of a property interest in his

23  promotion at the end of his established probation period, each Defendant lied to Plaintiff

24  regarding a purported extension of his probationary period, which was never proven or

25  documented, deprived Plaintiff of any procedure with which to challenge the fabricated

26  extension of his probationary period, and offered him only two choices: demotion or termination.

27

28  CASE NO. 3:18-CV-03426-JD               5        SECOND AMENDED COMPLAINT FOR
                                                     DAMAGES

# FIRST CAUSE OF ACTION

## FOR DISPARATE TREATMENT IN VIOLATION OF

## THE FAIR EMPLOYMENT AND HOUSING ACT

### (Against Defendant OHA and Does One through Ten)

30.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 29 above, as well as facts currently unknown.

31.     Plaintiff is 70 years old.

32.     This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940(a) of the Government Code prohibiting termination of an employee from employment on the basis of age, and the corresponding regulations of the California Department of Fair Employment and Housing.

33.     At all times mentioned in this complaint, Defendant regularly employed 5 or more persons, bringing defendant within the provisions of sections 12900 et seq. of the Government Code prohibiting employers or their agents from discriminating against employees on the basis of age.

34.     Plaintiff filed a complaint with the Department of Fair Employment and Housing. and received a Right to Sue Letter from the Department of Fair Employment and Housing.

35.     At all times mentioned in this complaint Plaintiff was fully qualified for Plaintiff's position.

36.     Defendant OHA discriminated against Plaintiff because of Plaintiff's age in that he was treated differently than younger employees.

37.     Plaintiff believes and alleges that Plaintiff's age  was a substantial and determining factor in defendant employer's decision to demote Plaintiff.

38.     Defendant's demotion and other adverse employment actions towards Plaintiff as alleged in this complaint constitute an unlawful employment practice in violation of section 12940(a) of the Government Code.

39.     As a direct, foreseeable, and proximate result of defendants' discriminatory acts,

CASE NO. 3:18-CV-03426-JD                          6          SECOND AMENDED COMPLAINT FOR
                                                                    DAMAGES

1    Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

2    has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,

3    and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount

4    of which will be proven at trial.

5         40.      Plaintiff has incurred and continues to incur legal expenses and attorney fees.

6    Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

7    court to amend this complaint when the amounts are more fully known.

8         41.      WHEREFORE, Plaintiff requests relief as hereinafter provided.

9                              **SECOND CAUSE OF ACTION**

10            **FOR VIOLATION OF PLAINTIFF'S FEDERAL CIVIL RIGHTS**

11                             **OF DUE PROCESS**

12                 **UNDER 42 U.S.C. SECTION 1983, ET SEQ.**

13           **(Against All Defendants and Does One through Ten)**

14         42.      Plaintiff incorporates by reference each of the allegations contained in

15    paragraphs 1 through 41 above, as well as facts currently unknown.

16         43.      Plaintiff is informed and believes and thereupon alleges that actions taken against

17    Plaintiff by Defendants and Does One through Ten, inclusive, violated Plaintiff's right to due

18    process in demoting him after he had acquired a property interest in his position as IT Director.

19    Plaintiff is informed and believes and thereupon alleges that defendants, and each of them,

20    violated Plaintiff's constitutional rights as described in this Complaint, by deliberately denying

21    Plaintiff's right to due process in demoting him after he had acquired a property interest in his

22    position as IT Director.

23         44.      Plaintiff is informed and believes and thereupon alleges that defendants, and each

24    of them, violated Plaintiff's constitutional rights as described in this Complaint because of

25    customs, policies, directives, practices, acts and omissions of authorized policy makers of

26    Defendant OHA and its officers.  These customs, policies, directives, practices, acts and

27    omissions include, but are not limited to, the maintenance of employment practices that allow for

28    CASE NO. 3:18-CV-03426-JD            7       SECOND AMENDED COMPLAINT FOR DAMAGES

1    actions which violate due process rights of employees and allow deceitful use of allegedly

2    extended probation periods to deny employees property interests in their promotions.  These

3    customs, policies, directives, practices, acts and omissions constitute gross negligence and/or

4    deliberate indifference on the part of Defendant in its obligation to ensure the preservation of an

5    employee's constitutional rights.

6          45.    Defendants Johnson and Felder, as ultimate decision makers with regard to policy

7    and employee discipline, and Defendant Stabler as an ultimate decision makers with regard to

8    policy and employee discipline within her department, in which Plaintiff worked, ratified the acts

9    and omissions of each other violative of Plaintiff's due process rights prior to Plaintiff's forced

10   demotion.

11         46.    The demotion without due process forced upon Plaintiff was a deliberate choice

12   of action made from among various alternatives by Defendants.

13         47.    In the alternative, each individual defendant was an official to whom

14   policymaking authority regarding employee discipline, demotion and termination had been

15   delegated and that these subordinate individual defendants were responsible for establishing final

16   policy with respect to the adverse actions in violation of due process taken against Plaintiff.

17         48.    The actions of Defendants and Does One through Ten, deprived Plaintiff of rights

18   secured by the Constitution and laws of the United States, including without limitation Plaintiff's

19   due process of law.

20         49.     As described above, Defendants and Does One through Ten, individually and

21   together, engaged in acts designed to deny Plaintiff's constitutional, statutory and legal rights

22   and took each of these actions against Plaintiff under color of state law.

23         50.    Individual defendants, by permitting, allowing and encouraging the other

24   individual Defendants and Does One through Ten to engage in this retaliatory conduct toward

25   Plaintiff, and to engage in acts and omissions which deprived Plaintiff of Plaintiff's procedural

26   due process, approved of and ratified their conduct.

27         51.    As a direct, foreseeable, and proximate result of Defendant's acts and omissions,

28   CASE NO. 3:18-CV-03426-JD                  8        SECOND AMENDED COMPLAINT FOR
                                                          DAMAGES

1 Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and

2 has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,

3 and discomfort, all to Plaintiff's damage in an amount in excess of $500,000, the precise amount

4 of which will be proven at trial.

5     52.    In addition, Plaintiff seeks reasonable attorneys fees and costs.

6     53.    In taking their retaliatory and punitive actions against Plaintiff, individual

7 Defendants and Does One through Ten, acted with oppression, fraud or malice and in conscious

8 disregard and deliberate indifference for Plaintiff's rights in that they knew that their actions were

9 harmful and they sought to humiliate and punish Plaintiff and to make his an example to any

10 others who might dare to object to or interfere with their decisions, plans and deliberate

11 omissions.  As a result, Plaintiff is entitled to an award of punitive damages against each of these

12 individual defendants.

13     54.    Wherefore, Plaintiff prays for damages against defendants, and each of them, as

14 set forth below.

## PRAYER

16     WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

17 follows:

18     1.    For monetary damages against Defendants, and each of them, in an amount

19 sufficient to compensate Plaintiff for loss of income, loss of benefits, loss of use, for emotional

20 distress, and for the injury and damage that Defendants have caused to Plaintiff's name and

21 reputation;

22     2.    For punitive damages against individual Defendants in an amount sufficient to

23 deter them from engaging in similar misconduct toward other employees, and to make an

24 example of them to others who may otherwise be inclined to engage in such wrongful conduct;

25     3.    For costs of suit incurred herein, including Plaintiff's reasonable attorneys' fees,

26 expert witness expenses and fees, and other costs and expenses that Plaintiff has been forced to

27 incur to prosecute this action under all applicable statutory or contractual bases;

28 CASE NO. 3:18-CV-03426-JD                     9        SECOND AMENDED COMPLAINT FOR
                                                          DAMAGES

4.      For injunctive relief, as the Court may deem proper.

5.      For such other, further relief as the Court may deem proper.

Dated: July 10, 2018

STEPHEN F. HENRY, ESQ.

By:/s/ Stephen Henry_____
STEPHEN F. HENRY
Attorney for Plaintiff

Plaintiff demands trial by jury in this action.

Dated: July 10, 2018

STEPHEN F. HENRY, ESQ.

By: /s/ Stephen Henry_____
STEPHEN F. HENRY
Attorney for Plaintiff

CASE NO. 3:18-CV-03426-JD                    10        SECOND AMENDED COMPLAINT FOR
                                                       DAMAGES